UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CNX GAS COMPANY, LLC, | ) |
| Plaintiff, | ) |
| | ) No. 3:11-CV-362 |
| | ) (VARLAN/SHIRLEY) |
| V. | ) |
| MILLER ENERGY RESOURCES, INC., | ) |
| CHEVRON APPALACHIA, LLC, | ) |
| CRESTA STRATEGIES, LLC, and | ) |
| SCOTT BORUFF, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 34] referring the Motion to Join Third Party as Defendant [Doc. 29], filed by Plaintiff CNX Gas Company, LLC, ("CNX"), to the undersigned for disposition or report and recommendation as may be appropriate.

In the Motion to Join, CNX moves the Court to join Atlas Energy Tennessee, LLC, ("Atlas Energy Tennessee"), as a defendant in this action. Defendant Chevron Appalachia, LLC, ("Chevron"), has responded in opposition to the Motion to Join. Chevron argues that the Motion to Join incorrectly applies Tennessee, substantive law, seeks joinder outside the scope of Rule 20, and directly contradicts a position already taken by CNX in this case. [Doc. 33]. Chevron contends that the Motion to Join should be denied, but in the alternative, Chevron proposed that the Court grant both the Motion to Dismiss Chevron and the Motion to Join, thereby, substituting Atlas Energy Tennessee for Chevron. [Doc. 33 at 1].

The other parties to this case did not take a position on the Motion to Join.

The parties appeared before the Court, initially, on February 27, 2012, to address the Motion to Join. The Court heard arguments from CNX and Chevron, found that the parties' positions on what entities should be parties were not extremely divergent and concluded that the parties were in the best position to determine what entities should be parties to this action, and instructed the parties to attempt to compromise amongst themselves regarding joinder and/or substitution. CNX and Chevron both filed supplements in the record following this hearing, [Docs. 43, 46].

CNX and Chevron were not able to reach an agreement, and the Court set this matter for a second hearing. At the hearing held April 9, 2012, Attorneys Wesley Shipe and Charles VanBeke were present representing CNX. Attorneys Matthew Evans and Daniel Headrick were present representing Chevron. Attorney Stephen Marcum was present representing Miller Energy Resources, Inc., and Attorneys Lawrence Leibowitz and Jennifer Knapp Hemmelgarn were present representing Scott Boruff. The Court heard from both CNX and Chevron, and none of the other parties stated any position on this matter.[1]

At the hearing, both CNX and Chevron appeared to agree that Atlas America, LLC, was the alleged tortfeasor of the torts for which this suit seeks redress. Chevron maintained that Atlas Energy Tennessee had assumed the liabilities of Atlas America, LLC, though the Court would note that the implications of and parameters of this assumption was never fully clarified by either party. Despite its initial written opposition to the Motion to Join, counsel for Chevron conceded at the hearing that Atlas Energy Tennessee should be a party to this action. Chevron, however, maintained that if Atlas Energy Tennessee became a party to this case, then Chevron should be dismissed from this suit.[2]

---

[1] Attorney Michael Gilmore, counsel for Cresta Capital Strategies, LLC, contacted the chambers of the undersigned following this hearing and stated that he had inadvertently missed the conference due to a calendaring error on his part. He stated that Cresta Capital Strategies took no position on this issue.

[2] Counsel for Chevron stated that he had proposed a compromise of effectively substituting Atlas Energy Tennessee by joining it and at the same time dismissing Chevron, without prejudice, but had received no response from counsel for the Plaintiff. At the hearing, Plaintiff's counsel declined the proposal.

The propriety of whether Chevron should be dismissed from the suit is the subject of Chevron's Motion to Dismiss [Doc. 19], which is pending before the District Judge.

Pursuant to Rule 20 of the Federal Rules of Civil Procedure, persons or entities may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," at issue in this matter. Fed. R. Civ. P. 20(a)(1)(A). In this case, the Court finds that Atlas Energy Tennessee may be joined in this action because CNX will assert a right to relief against Atlas Energy "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." The Court, therefore, finds that the Motion to Join **[Doc. 29]** is well-taken, and it is **GRANTED**.

The Court will interpret the Motion to Join as incorporating a request for amendment pursuant to Rule 15 of the Federal Rules of Civil Procedure to add Atlas Energy Tennessee as a defendant in CNX's complaint. The Court finds this request well-taken, and it is **GRANTED**. CNX shall file an amended complaint on or before **April 17, 2012.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge